The opinion of the Court was delivered by
Johnston, Ch.
The decision of the Chancellor is not that the widow of Lycurgus McNish is entitled to dower in the premises purchased by him at the commissioners’ sale; — but, *199 merely, that, if she is, the fund in the hands of Pope should be subject to the value of her dower.
We think his decision is right, and that he has properly exercised his discretion to retain for a reasonable time so much of the fund as may be required to meet her claim.
The purchase of the premises by Lycurgus may have been subject to an avoidance by those interested in the land, on the ground that he was a trustee ; but, being parties to the proceeding under which the sale was made, they waived their equity by assenting to the confirmation of the purchase.
That confirmation was a waiver of all equities in the land, and by his bond Lycurgus became trustee for the price of fifteen hundred dollars obtained for the land; and Pope became surety for the trusts undertaken.
If, by their subsequent sale to Guerard, a profit was made on Lycurgus’s purchase, it was for him alone to determine whether that profit should enure to the cestui que trusts of the one thousand five hundred dollars or to himself: and if by an act entirely voluntary, he indicated an intention to convert it to them, neither he nor his surety should be so harshly dealt with as to deny them the privilege of discounting out of the profit the means by which it was to be secured.
It appears that Guerard stipulated for a title flisencumbered from the dower of Lycurgus’s wife: and that when Pope, as the agent of both parties (Lycurgus and Guerard) received the ■two thousand and twenty-five dollars, to be applied to the bond, he at the same time bound himself to Guerard, to procure an extinguishment of the dower, or to return the' money to Guerard.
Such a transaction means, in substance, that the fund they received — less the amount of the dower, — is trust money. So the Chancellor has held; and we approve his decision.
• It is ordered that the decree be affirmed and the appeal dismissed. *
Dargaw and Wardlow, 00., concurred.
*200 Dunkin, Oh.
I think C. L. McNish was a trustee, as well in the purchase as the resale of land — that this is proved as well from the circumstances attending the sale as from the receipt afterwards given to Mr. Guerard. This might well be regarded as a declarative acknowledgment of the fiduciary nature of the transaction. I am equally well satisfied that of such estate the widow of the trustee is not dowable; and, after a lapse of nine years without any claim ou her part, I should not have been dissatisfied if the chancellor had made a decree for the payment of the entire fund. I do not understand that either the Circuit Court, or this Court, have expressed any definite opinion upon the widow’s right, and, as she was not a party in the cause, and the Chancellor thought proper to retain a portion of the fund to await the final determination upon that subject, I would not interfere with this exercise of his discretion.

Decree affirmed.